IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE BANK OF NEW YORK ON BEHALF OF CIT MORTGAGE LOAN TRUST 2007-1<br>　　　　　　　Plaintiff<br><br>　Vs.<br><br>JOHN A. GLAVIN; GABRIELLE GLAVIN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ACCREDITED HOME LENDERS, INC.; UNIFUND CCR PARTNERS; CITIBANK (SOUTH DAKOTA) N.A.; UNITED STATES OF AMERICA; WISCONSIN RIVER CO-OP SERVICES;<br>　　　　　　　Defendants | Case No. 14-cv-00883-bbc |

## **MOTION TO REMAND AND FOR FEES AND COSTS**

NOW COMES The Bank of New York Mellon Formerly Known as The Bank of New York on Behalf of CIT Mortgage Loan Trust 2007-1 (hereinafter "Movant"), through its attorney, Andrew E. Houha of Johnson, Blumberg & Associates, LLC, and states as follows:

1. On September 4, 2009, Movant filed its state court foreclosure proceeding in the Juneau County, Wisconsin Circuit Court. The foreclosure complaint was filed against the above mention defendants and the case was given case number 09 CV 342.

2. Defendants John and Gabrielle Glavin ("Defendants") were served with a summons and complaint on September 12, 2009. Defendants filed an answer and counterclaim on September 28, 2009.

1

3. Defendants' counterclaim was dismissed by the Juneau County Circuit Court on May 21, 2010, at which time the court dismissed the Defendants' counterclaim.

4. Judgment was entered in favor of Movant and against Defendants on July 10, 2012.

5. The property that is the subject of the foreclosure action went to sale on May 7, 2013.

6. Defendants subsequently filed for protection under the U.S. Bankruptcy Code, but the automatic stay was lifted and the case returned to the State Court.

7. Currently pending before the State Court is Movant's motion to confirm the sale.

8. On December 18, 2014, Defendants filed a Notice of Removal with this Court.

9. The Defendants notice of removal is defective for the following reasons:

    a. Notice of Removal was not filed within 30 days after receipt by the Defendants of the initial pleading or of the summons as required by 28 U.S.C. § 1446(b).

    b. Notice of Removal was defective because it did not contain a short and plain statement of any colorable grounds for removal, as required by 28, U.S.C. § 1446(a).

    c. Defendants are citizens of Wisconsin and the original proceeding filed by the Movant was filed in the Juneau County Circuit Court.  Removal is prohibited by a defendant who is a citizen of the State in which the original action is brought pursuant to 28 U.S.C. § 1441(b).

    d. Notice of Removal was filed more than five years after commencement of the action by the Movant in derogation of 28 U.S.C. § 1446(b).

    e. Defendants failed to give Movant notice (written or otherwise) of the removal of this action as required by 28 U.S.C. § 1446(d).

10. Movant's counsel was required to appear in person in the State Court on this case on December 19, 2014, on Defendants' objections to Movant's motion to confirm the sale. Movant was served with the Notice of Removal by the State Court at the December 19 hearing because Defendants did not timely serve the Notice on Movant and avoid the trip to State Court. Movant has also incurred the expense of preparing and defending this Motion for Remand.

11. 28 U.S.C. 1447 states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

12. Defendants' Notice of Removal is frivolous and meant only to cause undue delay in this case. Defendants have a lengthy history of filing frivolous notices of removal. Movant should be compensated for its time attending unnecessary court hearings and responding to frivolous notices of removal.

WHEREFORE, The Bank of New York Mellon Formerly Knowns as The Bank of New York on Behalf of CIT Mortgage Loan Trust 2001-1 prays for the entry of an order remanding this case to the Juneau County, Wisconsin Circuit Court, awarding attorneys' fees and costs, and for such other and further relief as this Court may deem just.

/s/ Andrew E. Houha
Andrew E. Houha, Wis. Bar No. 1083758
Attorney for The Bank of New York Mellon
Formerly Knowns as The Bank of New York on
Behalf of CIT Mortgage Loan Trust 2001-1

Andrew E. Houha
andrew@johnsonblumberg.com
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
**THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY**
**INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FORMERLY KNOWN AS THE BANK OF NEW YORK ON BEHALF OF CIT MORTGAGE LOAN TRUST 2007-1<br>　　　　　　　Plaintiff<br><br>　Vs.<br><br>JOHN A. GLAVIN; GABRIELLE GLAVIN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ACCREDITED HOME LENDERS, INC.; UNIFUND CCR PARTNERS; CITIBANK (SOUTH DAKOTA) N.A.; UNITED STATES OF AMERICA; WISCONSIN RIVER CO-OP SERVICES;<br>　　　　　　　Defendants | Case No. 14-cv-00883-bbc |

## CERTIFICATE OF SERVICE

I, Andrew E. Houha, certify that I served this motion to remand and for fees and costs by mailing a copy to the parties named below at the addresses listed below by depositing the same in the U.S. Mail, first class, postage prepaid at 230 W. Monroe, Suite 1125, Chicago, IL 60606 on or before 5:00 p.m. on January 16, 2015.

Attorney Christopher W. Rose, Rose & Rose, 5529 Sixth Avenue, Rose Professional Building, Kenosha, WI 53140
John A. Glavin, 08025-090, Rochester – FMC, P.O. Box 4000, Rochester, MN 55903
Gabrielle Glavin, W6222 Cty. Rd. A, New Lisbon, WI 53950-9466
Leslie K. Herje, U.S. Attorney's Office, 222 W. Washington Ave., Suite 700, Madison, WI 53703
Megan McDermott, U.S. Attorney's Office, 222 W. Washington Ave., Suite 700, Madison, WI 53703
Attorney Stephen D. Chiquoine, Chiquoine & Molberg, S.C., E8366 South Avenue, 118 Main, Reedsburg, WI 53959

　　　　　　　　　　　　　　　　　　　　　/s/ Andrew E. Houha
　　　　　　　　　　　　　　　　　　　　　Andrew E. Houha