IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE BANK OF NEW YORK MELLON,
formerly known as the Bank of New York
on behalf of CIT Mortgage Loan Trust 2007-1,

                Plaintiff,

    v.

GABRIELLE GLAVIN, JOHN A. GLAVIN,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
UNIFUND CCR PARTNERS, CITIBANK (SOUTH DAKOTA) N.A.
and UNITED STATES OF AMERICA,

                Defendants.

ORDER

14-cv-883-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Defendants Gabrielle Glavin and John Glavin have filed a notice of removal of a state foreclosure action filed in the Circuit Court for Juneau County, Wisconsin. This is the second time that John Glavin has attempted to remove this case. The first time, I concluded that subject matter jurisdiction was present because of plaintiff Bank of New York Mellon's claim against the United States, case no. 10-cv-765-slc, dkt. #14, but I remanded the case because Glavin's notice of removal was untimely. Id. at dkt. #18.

    Plaintiff has filed a motion to remand the case to state court, again on the ground that defendants' notice of removal is untimely. Dkt. #18. Under 28 U.S.C. § 1446(b), the notice of removal must be filed within 30 days of the pleading that provides the basis for removal. Although defendants say in their opposition brief that they have received "a

number of [new] documents" providing a basis for removal within 30 days before they removed the case a second time, they do not identify what those documents are, much less explain how those documents provided a new basis for removal. Because defendants have the burden to prove that removal was proper, Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976), their failure to make the necessary showing means that the case must be remanded. Plaintiff also asks for fees and costs, but I am denying that request because plaintiff does not develop an argument in support of it.

ORDER

IT IS ORDERED that plaintiff Bank of New York Mellon's motion to remand, dkt. #4, is GRANTED, but plaintiff's request for fees and costs is DENIED. The clerk of court is directed to remand the case to the Circuit Court for Juneau County.

Entered this 11th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge